UNITED STATES of America, Plaintiff-Appellee,

v.

Karl WEBER, Robert Lee Hill, Jr., Don Walley, Defendants-Appellants.

No. 85–3942
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 2, 1987.

William B. Richbourg, Pensacola, Fla., for Weber.

Henry R. Barksdale, Pensacola, Fla., for Walley & Hill.

Stephen Preisser, Asst. U.S. Atty., Pensacola, Fla., for U.S.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Each of the appellants, Robert L. Hill, Jr., Don Walley, and Karl Weber, has pled guilty to one count of possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Appellants condi-

tioned their plea upon their appeal of the district court's denial of their motion to suppress various pieces of evidence. Specifically, the district court denied motions to suppress certain wire interceptions, evidence seized from appellants' residences and Walley's motion to suppress evidence seized from his briefcase. *United States v. Cantu*, 625 F.Supp. 656 (N.D.Fla.1985), *aff'd*, 791 F.2d 940 (11th Cir.1986).[1]

I. Wiretap Challenges

In challenging the admissibility of conversations derived from a government wire tap, the appellants make three arguments: (1) that the application for wire interception was improperly authorized; (2) that Special Agent Renton falsified his affidavit in support of the wire tap; and (3) that the government had failed to exhaust other investigative techniques before seeking the wire tap order.

Appellants contend that at the time application for a wire tap order was made the district court did not have before it evidence establishing the authority of the Assistant Attorney General, Tax Division, to authorize the application.

Any Assistant Attorney General specifically designated by the Attorney General may authorize an application for a wire interception. 18 U.S.C. § 2516. By special order dated March 28, 1985, the Attorney General has empowered the Assistant Attorney General in charge of the Tax Division to authorize applications for a wire tap only when the Assistant Attorney General in charge of the Criminal Division is not in the District of Columbia. Though the application in question did contain authorization from the Assistant Attorney General of the Tax Division for a wire tap order, appellants contend that the application was flawed because it failed to affirmatively demonstrate that the Assistant Attorney General for the Criminal Division was not present in the District of Columbia at the

1. The district court's opinion in *Cantu* resolved the multiple claims of several defendants, including appellants. The named defendant, Cantu, took a separate appeal in which his convic-

tion was summarily affirmed. In that appeal Cantu did not raise any of the issues presently before this panel.

time the authorization was made. Thus, appellants contend that the wire tap order was invalid since it did not evidence that it was properly authorized.

■ We find appellants' argument without merit. In the first place it runs counter to the presumptive validity which this court has extended to authorization under 18 U.S.C. § 2516, *United States v. De La Fuente,* 548 F.2d 528 (5th Cir.), *cert. denied,* 431 U.S. 932, 97 S.Ct. 2640, 53 L.Ed.2d 249 (1977);[2] *see also United States v. Jabara,* 618 F.2d 1319 (9th Cir.) (rejecting identical argument), *cert. denied,* 446 U.S. 987, 100 S.Ct. 2973, 64 L.Ed.2d 845 (1980). Moreover, appellants' argument misconceives the nature of the remedy to which they would be entitled if the violation which they allege were proven. Rather than suppressing the evidence derived from the wire tap, this court would simply remand to the district court for a determination of whether or not the wire tap order was in fact properly authorized (i.e., whether or not the Assistant Attorney General for the Criminal Division was, in fact, out of the District of Columbia on the day the application was authorized). In this case, however, such an evidentiary hearing has already been held. At the suppression hearing the district court heard evidence which established that the Assistant Attorney General for the Criminal Division was not available. *Cantu,* 625 F.Supp. at 667. Thus, this record supports the conclusion that the authorization power was properly exercised.

■ Appellants also challenge the wire tap order on the grounds that Special Agent Renton falsified portions of his affidavit in support of the order. To support this challenge, appellants refer to two allegedly contradictory statements made by Agent Renton in separate affidavits. In *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court recognized that deliberate falsehoods contained in an affidavit used to support an

application for a search warrant might provide cause for invalidating the warrant and suppressing the fruits of the search. We need not decide, however, whether Renton's allegedly contradictory statements amount to a deliberate falsehood sufficient to invoke the *Franks* doctrine. We may assume, contrary to all indications, that the challenged statements were fraudulent. The Supreme Court has noted that "when material that is the subject of the alleged falsity ... is set to one side, [and] there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." Id. at 171–72, 98 S.Ct. at 2684–85 (footnote omitted). The district court determined that, even after setting aside Renton's allegedly fraudulent statements, the information remaining in the affidavit was "abundantly sufficient to support probable cause." *Cantu,* 625 F.Supp. at 669. We agree. Thus *Franks* commands that, despite any presumed deficiency in Renton's affidavit, the wire communications were legally obtained, and thus admissible.

■ Appellants Walley and Hill suggest that the wire tap order was invalid because law enforcement authorities failed to exhaust normal investigative techniques as required by 18 U.S.C. § 2518. Agent Renton testified that the investigation had used numerous other ordinary surveillance techniques and the district court made specific findings that other investigative techniques had been exhausted. *Cantu,* 625 F.Supp. at 672–74. Appellants have failed to make any colorable showing that the district court's findings are clearly erroneous. *United States v. Van Horn,* 789 F.2d 1492 (11th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 190, 93 L.Ed.2d 123 (1986).

Thus, we find all appellants' contentions challenging the issuance of the wire tap order to be without merit and affirm the district court's refusal to suppress the evidence derived from the wire interception.

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

## II. Probable Cause To Search The Vehicle Encompasses Delayed Search of Locked Briefcase.

 Appellant Walley challenges the search of a locked briefcase found inside the vehicle in which he was riding at the time of his arrest. There was probable cause to believe he was transporting cocaine at that time. Had the briefcase been opened immediately following Walley's arrest, the search would have been permissible since probable cause existed to stop the automobile and conduct a warrantless search of the vehicle and any part of the vehicle that might contain the object of the search. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Walley contends however that, because the search was not contemporaneous with his arrest but rather occurred after Walley had been taken to another location, the reasoning behind *Ross* will no longer support a search. The Supreme Court has conclusively rejected Walley's contention. In *United States v. Johns*, 469 U.S. 478, 105 S.Ct. 881, 885–87, 83 L.Ed.2d 890 (1985), the Supreme Court determined that *Ross* authorized a warrantless search of packages several days after they were removed from vehicles that police officers had probable cause to stop. Where, as here, the delay in conducting the search was not an unreasonable one, evidence seized from the packages contained in a properly stopped automobile will not be suppressed.[3]

## III. Other Claims

Finally all three appellants challenge the admissibility of evidence taken from various residences. They contend that the searches were based upon warrants unsupported by probable cause. Our examination of the record reveals that these contentions are wholly without merit and they warrant no discussion.

For the foregoing reasons, the opinion of the district court denying appellants' various motions to suppress evidence is AFFIRMED.

---

**3.** The government also suggests that the evidence seized from Walley is admissible pursuant to an extension of the rationale of *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). The government urges us to extend the *Johns* rationale and permit a delay in executing the search of seized packages following a search incident to arrest, just as a delay is permissible following a seizure pursuant to *Ross*. Because of our resolution of the *Ross* issue, we need not address this contention.