12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles DAWN, also known as Charles Webb, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1334.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1993.*
Decided Nov. 22, 1993.
 
 Before BAUER and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Dawn filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2255. The district court denied the writ and we affirm.
 
 
 2
 In 1982, Charles Dawn was charged with conspiracy. He was in federal custody in Wisconsin awaiting trial when he escaped. Dawn remained at large until 1987 when he was arrested in Utah on state robbery charges. Upon learning of his arrest, the U.S. Marshall for the District of Utah issued a detainer informing the state authorities of the pendency of federal escape charges against Dawn. Some time after Dawn was sentenced on the Utah charges, he was transported to the Western District of Wisconsin pursuant to a writ of habeas corpus ad prosequendum. The federal conspiracy charges were subsequently dropped, but Dawn was convicted of escaping from federal custody in violation of 18 U.S.C. Sec. 751. Dawn directly appealed his conviction, claiming, inter alia, that he had been denied his right to a speedy trial. This court affirmed Dawn's conviction. United States v. Dawn, 900 F.2d 1132 (7th Cir.), cert. denied, 498 U.S. 949 (1990) (Dawn I ). Proceeding pro se, Dawn filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255, the denial of which he now appeals.
 
 
 3
 Dawn's claim, that he was denied his right to a speedy trial, is barred by the law of the case doctrine. Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1123 (7th Cir.1991), (citing Weidner v. Thieret, 932 F.2d 626, 629 (7th Cir.1991), cert. denied, 112 S.Ct. 883 (1992)), cert. denied, 112 S.Ct. 1973 (1992). Under this doctrine, issues that have been decided on the merits in an earlier phase of a case are the law of the case and are binding on courts confronted with the same issue at a later phase. Id. The law of the case doctrine is applicable to habeas corpus proceedings. Id. In Dawn I, we addressed and disposed of Dawn's speedy trial claims, and therefore we need not re-examine them here.
 
 
 4
 The remainder of Dawn's arguments were not advanced on direct appeal from his conviction. Ordinarily, Dawn would be barred from advancing such claims unless he established cause for and prejudice from his procedural default. Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991). However, the government failed to raise procedural default as a bar to Dawn's claims; therefore, we will address them on the merits. Id.
 
 
 5
 Dawn first claims that he was denied his Sixth Amendment right to the effective assistance of counsel. Under Strickland v. Washington, 466 U.S. 668 (1984), in order to establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. Id. at 687-88. Under the prejudice prong the focus is whether counsel's performance deprived the defendant of a fair trial. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993) (citing Strickland, 466 U.S. at 687). In analyzing ineffective assistance of counsel claims, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." Strickland, 466 U.S. at 697.
 
 
 6
 Dawn offers several grounds for finding that he was denied effective assistance of counsel. He argues that his attorney prematurely filed a motion to dismiss on speedy trial grounds. An attorney has an obligation to protect a defendant's right to a speedy trial, not to secure the most favorable remedy for a violation of that right. The district court correctly noted that counsel may not, in the interest of his client, "beguile the court and the prosecutor into delaying the setting of a case for trial." (Order at 3).[1]
 
 
 7
 Dawn also argues that his attorney attached a falsified affidavit to the motion, as evidenced by the fact that Dawn was not in Wisconsin where and when it was dated. The district court correctly concluded that the affidavit was not forged but contained a typographical error. Dawn was not prejudiced by the filing of the motion to dismiss with an improperly dated affidavit because the motion was allowed despite the error.
 
 
 8
 Dawn's last ineffective assistance argument is that the district court erroneously refused to accept his pro se briefs because he was represented by counsel.[2] Defendants who are represented by counsel do not have a Sixth Amendment right to file pro se briefs. Hayes v. Hawes, 921 F.2d 100, 102 (7th Cir.1990). Therefore, we conclude that Dawn was not denied his Sixth Amendment right to the effective assistance of counsel.
 
 
 9
 Dawn's second challenge concerns the procedures pursuant to which he was transferred to Wisconsin. He maintains that he was denied due process of law because his rights under the Federal Rule of Criminal Procedure 40 were violated. We need not determine whether Dawn has asserted a due process claim because Rule 40 is inapplicable to prisoners who are transferred pursuant to a writ of habeas corpus ad prosequendum, United States v. Sawyers, 963 F.2d 157, 162 (8th Cir.) cert. denied, 113 S.Ct. 619 (1992). Dawn further asserts that the government failed to comply with the procedural requirements of Article IV of the Interstate Agreement on Detainers. However, a prisoner, like Dawn, who invokes his right to a speedy trial under Article III, waives his right to the procedural protections afforded prisoners who are transferred pursuant to Article IV. Cuyler v. Adams, 449 U.S. 433, 444-49 (1981).
 
 
 10
 Dawn's third principal claim is that the United States Attorney improperly obtained jurisdiction over his escape charge by adding it to the writ of habeas corpus ad prosequendum after the magistrate judge had issued the writ on the conspiracy charge. The district court correctly concluded that Dawn failed to allege sufficient facts to establish that the United States Attorney engaged in any misconduct. The writ of habeas corpus ad prosequendum is not a prerequisite to jurisdiction, but a method of obtaining temporary custody of a prisoner for the purpose of prosecuting and sentencing him. United States v. Mauro, 436 U.S. 340, 362 (1978) (stating that a writ of habeas corpus ad prosequendum is the functional equivalent of a "request for temporary custody").
 
 
 11
 Finally, Dawn challenges his escape conviction under 18 U.S.C. Sec. 751(a) on the ground that the government failed to prove that the custody from which he escaped was lawful. However, proof of lawful arrest and confinement is not a prerequisite to a conviction for escape. United States v. Roy, 830 F.2d 628, 638 (7th Cir.1987) (citing United States v. Allen, 432 F.2d 939 (10th Cir.1970)). Dawn further argues that he should have been prosecuted under 18 U.S.C. Sec. 751(b) rather than Section 751(a). Section 751(b) applies to prisoners charged with a felony and imposes less severe penalties than Section 751(a), which applies to prisoners who have been charged with a misdemeanor. Dawn argues that he was erroneously charged with a felony, because his involvement in the conspiracy only amounted to a misdemeanor. Whether Dawn was guilty of a misdemeanor or a felony is irrelevant, however, because he was charged with a felony. Roy 850 F.2d at 639. Society has an interest in penalizing people who escape from prison regardless of whether the escapee is eventually convicted of the crime for which he was charged. Id.
 
 
 12
 Dawn's remaining claims are frivolous and provide no basis for granting relief.
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Dawn's alternative argument is that his attorney failed to effectively argue his claim under the Interstate Agreement on Detainers Act, 18 U.S.C. Art. III, Sec. 2 (the Agreement). As mentioned above, the law of the case doctrine bars the reconsideration of claims under the Agreement. Nonetheless, we note that the first motion to dismiss filed by the defendant tolled the speedy trial clock as to both the conspiracy and the escape charges
 
 
 [2]
 Dawn also asserts that his counsel conspired with the United States Attorney. However, he provides no evidentiary basis for his suspicions