[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 5, 2007
THOMAS K. KAHN
CLERK

No. 06-12156

D. C. Docket No. 05-80053-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY WILDGOOSE,
a.k.a. Old Man,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(September 5, 2007)**

Before DUBINA and MARCUS, Circuit Judges, and PROCTOR,* District Judge.

PER CURIAM:

---

*Honorable R. David Proctor, United States District Judge for the Northern District of Alabama, sitting by designation.

Appellant Larry Wildgoose ("Wildgoose") appeals his conviction of conspiracy to import a Schedule II controlled substance into the United States, in violation of 21 U.S.C. § 963 (2006) and his sentence of 120 months imprisonment, to be followed by four years supervised release.

Wildgoose presents the following issues for appellate review:

(1) Whether the district court erred in denying Wildgoose's motion to suppress wiretap evidence.

(2) Whether the district court abused its discretion in dismissing a juror and replacing her with an alternate.

(3) Whether the district court's special verdict form regarding drug quantity constructively amended the indictment.

(4) Whether the district court erred by using a drug quantity greater than that found by the jury to compute the advisory guideline range.

A district court's finding with respect to whether an affidavit in support of a wiretap adequately demonstrated that law enforcement had exhausted normal investigative techniques, as required by 18 U.S.C. § 2518(1)©) (2006), is subject to clear error review. *See United States v. Weber*, 808 F.2d 1422, 1424 (11th Cir. 1987).

A district court's determination that law enforcement agents' minimization procedures were reasonable under the circumstances is a factual determination subject to the clearly erroneous standard of review. *United States v. Moody*, 977 F.2d 1425, 1433 (11th Cir. 1992).

This court has not articulated a standard of review that applies to a district court's determination that the government proffered a "satisfactory explanation" for a delay in sealing wiretap tapes. Several circuits review the district court's findings of fact for clear error and its legal conclusion *de novo*. *See*, *e.g.*, *United States v. Wilkinson*, 53 F.3d 757, 759-60 (6th Cir. 1995); *United States v. Sawyers*, 963 F.2d 157, 159-61 (8th Cir. 1992); *United States v. Pedroni*, 958 F.2d 262, 265-266 (9th Cir. 1992); *United States v. Maldonado-Rivera*, 922 F.2d 934, 950 (2d Cir. 1990). *But see United States v. Coney*, 407 F.3d 871, 874 (7th Cir. 2005) (noting a circuit split on the standard of review and holding that the question of satisfactoriness is a factual determination subject to review for clear error). We need not decide which standard is correct because the outcome in this case would be the same under either standard.

"The decision to remove a juror and replace [her] with an alternate is entrusted to the sound discretion of the trial judge" and will not "'be disturbed [on appeal] absent a showing of bias or prejudice to the defendant.'" *United States v.*

*Fajardo*, 787 F.2d 1523, 1525 (11th Cir. 1986) (quoting *United States v. Rodriguez*, 573 F.2d 330, 332 (5th Cir. 1978)).

Whether the district court's instructions constructively amended the indictment presents a question of law subject to *de novo* review. *See generally United States v. Narog*, 372 F.3d 1243 (11th Cir. 2004).

Whether the district court erred in submitting a special verdict form that permitted the jury to make a finding regarding drug quantity is a question of law subject to *de novo* review. *See United States v. Clay*, 355 F.3d 1281, 1285 (11th Cir. 2004).

A defendant's preserved constitutional challenge to the district court's application of the sentencing guidelines is reviewed *de novo*. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments Wildgoose makes in this appeal. The only close issue in the case is the district court's finding that the DEA's minimization efforts were reasonable under the particular circumstances confronting the agents at the time of the interception. We cannot say those findings are clearly erroneous. Accordingly, we affirm Wildgoose's conviction and sentence.

**AFFIRMED.**