**UNITED STATES of America,**
**Plaintiff,**

v.

**Billy Ray CARLISLE, Defendant.**
(2 cases.)

**Crim. Nos. 66–28, 69–75.**

United States District Court
W. D. Oklahoma.

Aug. 29, 1969.

Michael C. Stewart, Asst. U. S. Atty., B. Andrew Potter, U. S. Atty., John E. Green, Asst. U. S. Atty., for plaintiff.

William Shdeed, Harry James, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

The Defendant Billy Ray Carlisle in the above cases was sentenced on his pleas of guilty in 66–28 Crim., supra, to four concurrent five year sentences and while incarcerated for these sentences was sentenced on his plea of guilty in 69–75 Crim., supra, to one year to be served consecutive to the concurrent sentences in 66–28 Crim., supra. In 66–28 Crim., supra, the Defendant pleaded guilty to two counts of buying marijuana (26 U.S.C. § 4744(a) (1)) and two counts of selling marijuana (26 U.S.C. § 4742 (a)). He did not assert by way of defense the privilege against self-incrimination as to any of the four counts involved in this case before this Court. No appeal was taken and the case is final. In 69–75 Crim., supra, the Defendant pleaded guilty to escape.

Defendant now moves to withdraw his guilty pleas in both cases pursuant to Rule 32(d), Federal Rules of Criminal Procedure, and for the Court to correct his alleged illegal sentences in both cases pursuant to Rule 35, Federal Rules of Criminal Procedure. He also moves to vacate his convictions and sentences in both cases pursuant to 28 U.S.C. § 2255.[1] Defendant's misguided effort by these motions is based on alleged invalidity of

1. The Rule 32(d) and 35 Motions would be filed in the Criminal Cases. The 2255 Motion is for separate civil filing. In the economy of judicial time and because all Motions are related, they are filed in the two Criminal Cases for disposition.

2. Related to these cases and handed down with Leary is United States v. Coving-

his marijuana convictions by reason of the cases of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968) and Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969)[2] and the proposition that he could not be guilty of escape if his incarceration at the time of escape was based on invalid convictions and sentences. These claims of Defendant are void of merit.

As to his marijuana convictions, Defendant did not timely raise the defense of self-incrimination. This is essential under Marchetti, Grosso, Haynes, Leary and Covington, supra. Sepulveda v. United States, 415 F.2d 321 (Tenth Cir. No. 232–68); Eby v. United States 415 F.2d 319 (Tenth Cir. No. 69–68). The marijuana statutes are not unconstitional as claimed by Defendant. The above Supreme Court cases are only authority for the proposition that a timely plea of self-incrimination is a complete defense.

As to his escape conviction, one is guilty of escape even though held in custody by an illegal conviction and sentence if the escape is accomplished before the conviction and sentence is judicially declared to be illegal. Lucas v. United States, 325 F.2d 867 (Ninth Cir. 1963).

The Defendant's claims made herein are, therefore, without merit. Defendant's request for counsel is denied as his claims are utterly lacking in merit as a matter of law. Gibson v. Markley, 205 F.Supp. 742 (D.C.Ind.1962); DeMaris v. United States, 187 F.Supp. 273 (D.C.Ind. 1960). Defendant also complains that his attorneys in his two cases failed to ren-

ton, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed. 2d 94 (1969) which states:
"We have held today in Leary that the privilege does provide such a defense unless the plea is untimely, the defendant confronted no substantial risk of self-incrimintaion, or the privilege has been waived."

der him effective legal representation. Before ineffective counsel is present, the representation of counsel must have amounted to a sham, farce and mockery on justice. Johnson v. United States, 380 F.2d 810 (Tenth Cir. 1967). In the circumstances of this case as clearly demonstrated, it is not possible to conclude in either case that representation of counsel was a sham, a farce or a mockery on justice. A failure to innovate as a defense something unknown in the law does not satisfy the test of ineffective representation. Nor does failure to raise an unmeritorious defense satisfy the test.

As to Rule 32(d), supra, the Defendant has been sentenced. The Court finds no manifest injustice and refuses to permit the Defendant to withdraw any of his pleas of guilty in either case. As to Rule 35, supra, none of the sentences are illegal as shown above and relief under this rule is denied.

All motions are denied and it is so ordered.