**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Anthony ALLEN, Defendant-Appellant.**

**No. 244–70.**

United States Court of Appeals, Tenth Circuit.

Oct. 27, 1970.

Wycliffe V. Butler, Albuquerque, N. M., for defendant-appellant.

John A. Babington (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief) for plaintiff-appellee.

Before LEWIS, Chief Judge, JOHNSEN, Senior Circuit Judge *, and HOLLOWAY, Circuit Judge.

PER CURIAM.

Appellant was convicted of a violation of 18 U.S.C. § 751(a), escape from federal custody. He appeals, asserting as the sole appellate issue a claim that his federal custody was triggered by an unlawful arrest originating with state officers. Section 751(a) provides in pertinent part:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, *or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or from the custody of an officer or employee of the United States pursuant to lawful arrest,* shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both: * * * (Emphasis added).

It is undisputed that at the time of his escape appellant had been charged with a Dyer Act violation and was incarcerated in a federally approved prisoner detention center after arraignment before and pursuant to an order of a United States Commissioner. Under these circumstances a lawful arrest is not a prerequisite to the crime of escape mandated by section 751(a), since the section is to be read in the disjunctive, not conjunctive, and neither the regularity of his arrest nor the propriety of his confinement can be tested by an act of escape. Derengowski v. United States, 8 Cir., 404 F.2d 778. *See also* Laws v. United States, 10 Cir., 386 F.2d 816.

Affirmed.