UNITED STATES of America,
Respondent-Appellee,

v.

Jackie Lee GREEN,
Petitioner-Appellant.

Nos. 85–2497, 85–2684.

United States Court of Appeals,
Tenth Circuit.

July 22, 1986.

Frank M. Rowell, Jr., Tulsa, Okl., for petitioner-appellant.

Catherine J. Hardin, Asst. U.S. Atty. (Layn R. Phillips, U.S. Atty., and Ben F. Baker, Asst. U.S. Atty., with her on briefs), Tulsa, Okl., for respondent-appellee.

Before HOLLOWAY, Chief Judge, BARRETT and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Jackie Lee Green appeals from the district court's denial of his motion under 28 U.S.C. § 2255 (1982) for a writ of habeas corpus, and from the court's denial of his motion to withdraw his guilty plea. We conclude that the indictment in this case fails to state a violation of federal law. Accordingly, we reverse.

The pertinent facts are briefly as follows. In April 1984, following his conviction and incarceration for a federal offense, Green was released on parole under federal supervision in Tulsa, Oklahoma. In March 1985, Green was stopped in Texas for speeding. The law enforcement official discovered what he believed to be controlled substances in the car, and Green drove off before he could be arrested. As a result of that incident, two Texas felony charges were filed against Green. Texas authorities informed Green's parole officers in Tulsa of the Texas charges. On April 3, 1985, one of the federal parole officers, Rod Baker, saw Green in a Tulsa restaurant and told Green he was under arrest. Green unsuccessfully attempted to escape from Baker's custody. The next day, April 4, a parole violation warrant was issued directing Green's arrest, and an indictment was filed charging Green with attempted escape in violation of 18 U.S.C. § 751(a) (1982). The indictment read:

"The Grand Jury Charges:

"On or about April 3, 1985, at Tulsa, in the Northern District of Oklahoma, JACKIE LEE GREEN, defendant herein, did attempt to escape from the custody of Rod Baker, Supervising United States Probation Officer for the Northern District of Oklahoma, an officer of the United States who had placed said defendant under arrest for the offense of violation of federal parole, in violation of Title 18, United States Code, Section 751(a)."

Rec., vol. I, at 5. The indictment was treated as charging a felony, Green pled guilty, and he was sentenced to three years. His subsequent request to withdraw his guilty

plea was denied and he then filed the instant action for habeas corpus relief, alleging that, under the undisputed facts in this case, the indictment fails to state an offense. We agree.[1]

■ As an initial matter, we point out that Green may challenge the indictment notwithstanding his guilty plea. If Green "pled guilty to something which was not a crime, he is not now precluded from raising this jurisdictional defect, which goes 'to the very power of the State to bring the defendant into court to answer the charge brought against him.'" *United States v. Barboa*, 777 F.2d 1420, 1423 n. 3 (10th Cir.1985) (quoting *Blackledge v. Perry*, 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628 (1974)); *see also U.S. v. Edrington*, 726 F.2d 1029, 1031 (5th Cir.1984).

Green was charged with violating 18 U.S.C. § 751(a), which states:

"Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both."

Green alleges that the indictment, which charged him with attempting to escape from the custody of "an officer of the United States who had placed said defendant under arrest for the offense of viola-

---

1. Green also alleges that his counsel was constitutionally inadequate. Because we conclude on other grounds that the conviction cannot stand, we need not reach this issue.

tion of federal parole," rec., vol I, at 5, charged him under that part of section 751(a) which prohibits attempts to escape "from the custody of an officer or employee of the United States pursuant to *lawful* arrest," 18 U.S.C. § 751(a) (emphasis added). Green argues that his arrest was not lawful because the arrest undisputedly took place before the parole violator's warrant had been issued.

█ In support of his argument, Green relies on 18 U.S.C. § 4213 (1982),[2] which provides that "[i]f any parolee is alleged to have violated his parole, the Commission may ... issue a warrant and retake the parolee as provided in this section." *Id.* § 4213(a)(2). In the only case we have discovered addressing the issue, the court pointed out that "there is no statutory authority for the warrantless arrest of a suspected parole violator." *Henrique v. United States Marshal*, 476 F.Supp. 618, 626 (N.D.Cal.1979). The court concluded that when a parolee is arrested without a warrant for alleged parole violations, he is held "in violation of the Constitution and federal law." *Id.* at 629. Given the language of section 751(a) mandating custody "pursuant to lawful arrest",[3] and the language of section 4213(a)(2) requiring the issuance of a warrant before an alleged parole violator is taken into custody, we find compelling Green's argument that the indictment fails to charge a crime because his arrest for parole violation was not lawful.

Recognizing the difficulties involved with the arrest for parole violation, the Government contends that Baker had probable cause to arrest Green because Baker knew Green was wanted on the outstanding Texas felony warrants. Although there is no federal statute authorizing the federal officer in this case to make a warrantless arrest for the commission of Texas crimes, it is arguable that a federal officer may make such an arrest if it would be permitted under state law. *See United States v. Di Re*, 332 U.S. 581, 589–90, 68 S.Ct. 222, 226–27, 92 L.Ed. 210 (1948); *United States v. Hou Wan Lee*, 264 F.Supp. 804, 807 (S.D.N.Y.1967). In Oklahoma, where the arrest took place, a citizen may arrest another when he has reasonable cause to believe the person has committed a felony. Okla.Stat. tit. 22, § 202 (1981). *Cf. Menefee v. State*, 640 P.2d 1381, 1384–85 (Okla. Cr.1982) (Oklahoma court applying similar Kansas statute). Assuming Baker could have lawfully arrested Green under Oklahoma law for the Texas felonies, the fact remains that Green was not indicted for escaping from an arrest for the Texas crimes. Thus, we need not decide whether the federal escape statute would apply to escape from a federal officer who has made a citizen's arrest for a *state* crime.

█ In an effort to overcome these obstacles, the Government has also called our attention to the first segment of section 751(a), which prohibits attempted escape from the custody of the Attorney General or his authorized representative. However, the indictment does not charge Green with trying to escape from the custody of the Attorney General; the language of the indictment clearly tracks that portion of section 751(a) which prohibits attempts to escape from the custody of a United States officer pursuant to lawful arrest. The Government's effort to invoke a different part of the statute to support Green's conviction is equally unavailing. Neither the Government nor the courts may uphold a conviction by relying on facts or theories not presented to the charging grand jury. *See generally Russell v. Unit-*

**2.** The Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Title II, §§ 218(a)(5), 235, 98 Stat. 2027, 2031, repeals § 4213 effective November 1, 1986.

**3.** *United States v. Allen*, 432 F.2d 939 (10th Cir. 1970) (per curiam), cited by the Government, is inapposite. There the defendant "had been charged with a Dyer Act violation and was incarcerated in a federally approved prisoner detention center after arraignment before and pursuant to an order of a United States Commissioner." *Id.* at 940. The court pointed out that the defendant had violated other provisions of § 751(a) in which lawful arrest is not a prerequisite.

**858**

ed States, 369 U.S. 749, 768–71, 82 S.Ct. 1038, 1049–51, 8 L.Ed.2d 240 (1962).

■ The indictment is fatally defective in another respect. An essential element of an offense proscribed by section 751(a) is that the defendant be held in a form of custody defined in the last half of that paragraph. *See United States v. Richardson*, 687 F.2d 952, 954–58 (7th Cir.1982); *accord Edrington*, 726 F.2d at 1031; *cf. United States v. Bailey*, 444 U.S. 394, 407, 100 S.Ct. 624, 633, 62 L.Ed.2d 575 (1980). To allege a felony violation of section 751(a), therefore, the indictment must charge that custody is by virtue of: (1) an arrest on a felony charge; or (2) conviction of any offense.[4]

■ The indictment in the instant case charges that Green was in custody pursuant to "arrest for the offense of violation of federal parole...." Rec., vol. I, at 5. But a violation of parole is not, in itself, a criminal offense. *See Richardson v. Markley*, 339 F.2d 967, 969 (7th Cir.), *cert. denied*, 382 U.S. 851, 86 S.Ct. 100, 15 L.Ed.2d 90 (1965). As Green points out, a parole violation is neither a misdemeanor nor a felony, although the conduct constituting the violation might be either one. *See Henrique*, 476 F.Supp. at 626. An arrest for parole violation is thus not a form of custody within the ambit of section 751(a). Accordingly, the indictment here is inadequate because it does not contain "'the elements of the offense intended to be charged.'" *Russell*, 369 U.S. at 763, 82 S.Ct. at 1046 (quoting *Cochran and Sayre v. United States*, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704 (1895)).

In No. 85–2684, the order of the district court dismissing Green's section 2255 motion is reversed, and that appeal is remanded with instructions to vacate the conviction. In view of that disposition, the appeal in No. 85–2497 from the denial of the motion to withdraw Green's plea of guilty is dismissed as moot.

---

**4.** A misdemeanor violation of § 751(a) requires that custody or confinement "is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction...." 18 U.S.C. § 751(a). As we have noted, Green pled guilty to a felony violation.