959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frieda W. FULLER, Defendant-Appellant.
 No. 91-3308.
 United States Court of Appeals, Tenth Circuit.
 April 3, 1992.
 
 Before SEYMOUR, STEPHEN H ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Frieda W. Fuller appeals her conviction for larceny in violation of 18 U.S.C. § 1641, arising from a charge of shoplifting at the Main Post Exchange operated by the Army/Air Force Exchange Service at Fort Leavenworth, Kansas. She contends that the magistrate judge erred in bringing her to trial before the minimum 30-day waiting period prescribed by the Speedy Trial Act, 18 U.S.C. § 3161(c)(2). Section 3161(c)(2) provides as follows:
 
 
 3
 Unless the defendant consents in writing to the contrary, the trial shall not commence less than 30 days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.
 
 
 4
 Ms. Fuller was tried the same day she made her initial appearance before the magistrate judge, and was found guilty as charged. The district court subsequently denied an appeal from that conviction and final judgment was entered on September 19, 1991.
 
 
 5
 It is not disputed that Ms. Fuller, who was represented by appointed counsel, did not execute a written waiver of her right to have 30 days to prepare for trial as required by § 3161(c)(2). It is also undisputed that neither Ms. Fuller nor her counsel objected, moved for a continuance, or moved for a dismissal on the ground that trial was commenced less than 30 days from the date of Ms. Fuller's initial appearance. No specific prejudice is articulated by Ms. Fuller as a result of having been deprived of the time period in question. Furthermore, she does not contest the government's assertion that the facts of the case are uncomplicated, involving only the testimony of the store detective, corroborated by a video tape of Ms. Fuller, against Ms. Fuller's own testimony that she simply forgot to pay for the item alleged to have been stolen. Ms. Fuller does not suggest what other guidance would have been offered if she had had more time.
 
 
 6
 The district court found that any violation of the statute was waived by Ms. Fuller's failure to object, move for a continuance, or move for a dismissal prior to trial. R.Vol. I, Tab 6 at 2. Fuller argues on appeal that we should apply the plain error doctrine. "Plain error is 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.' " United States v. Lonedog, 929 F.2d 568, 570 (10th Cir.1991) (quoting United States v. Henning, 906 F.2d 1392, 1397 (10th Cir.1990) (quoting other authorities) (emphasis in original). Upon a careful review of the record, and consideration of Ms. Fuller's arguments, we do not find that plain error occurred in the proceedings below. Even if we reached the merits, we would not be inclined to hold that a violation of § 3161(c)(2), under the circumstances presented here, would automatically require a reversal of the conviction, or a new trial. See United States v. Daly, 716 F.2d 1499, 1506 (9th Cir.1983); United States v. McKinnell, 888 F.2d 669, 675-76 (10th Cir.1989).
 
 
 7
 For the reasons stated above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3