5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tommy GALLEGOS, Petitioner-Appellant,
v.
Dareld L. KERBY, Respondent-Appellee.
 No. 92-2162.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Tommy Gallegos appeals from an order of the district court denying his petition for habeas corpus filed pursuant to 28 U.S.C. 2254. We exercise jurisdiction under 28U.S.C. 1291 and affirm.
 
 
 4
 Petitioner helped his brother escape from a maximum security prison in Santa Fe by providing a handgun and other contraband, which he placed at a prearranged location thirty-five miles from the prison. An unidentified prison guard retrieved the articles and gave them to petitioner's brother. After his brother and six other maximum security prisoners escaped, some of them hid in a storage shed petitioner had rented. Petitioner supplied those escapees with food and clothing and later persuaded his brother-in-law to take them out of the state.
 
 
 5
 Petitioner pled guilty to one count of furnishing articles for a prisoner's escape in violation of N.M. Stat. Ann. 30-22-12; one count of assisting escape in violation of N.M. Stat. Ann. 30-22-11(A); and one count of conspiracy to commit the crime of assisting escape in violation of N.M. Stat. Ann. 30-28-2, 30-22-11(A). He did not take a direct appeal, but exhausted his state remedies by filing a state petition for habeas corpus in which he raised the same issues raised in this federal petition. The state petition was summarily dismissed.
 
 
 6
 In his federal petition, petitioner alleged he did not violate section30-22-12[2] because he did not give the gun used in the escape directly to his brother as required by the explicit wording of the statute. Petitioner alleged the indictment was rewritten to fit the facts of his case by substituting the words "cause to be given" for "giving to."[3] Petitioner also alleged he was denied due process and effective assistance of counsel because counsel did not bring the error in the indictment to the court's attention.
 
 
 7
 The district court held that the wording of the indictment was not a fatal variance and petitioner was not denied due process by being charged with a violation of section30-22-12. The court also held that petitioner had not met the requirements of Hill v. Lockhart, 474 U.S. 52 (1985), in that he had not shown he would not have entered a guilty plea absent any errors by counsel.
 
 
 8
 On appeal, petitioner argues the district court had no jurisdiction to construe the state statute. Petitioner also argues the district court erred by not remaining within the confines of New Mexico law, he was denied due process because the grand jury returned a defective indictment, and his guilt was not established beyond a reasonable doubt due to insufficient evidence. Lastly, petitioner argues he had ineffective assistance of counsel because counsel did not tell the court the indictment was defective, thereby allowing him to be subjected to double jeopardy because he was tried for one crime under two statutes.
 
 
 9
 Initially, we note that petitioner's argument that the district court may not interpret state law is totally without merit. See Salve Regina College v. Russell, 111 S.Ct. 1217, 1218 (1991)(federal court determines state law in same manner it resolves evolving issues of federal law).
 
 
 10
 Respondent argues petitioner waived his right to challenge the indictment because he entered a guilty plea. We disagree. Petitioner, by asserting he pled guilty to something which was not a crime under state law, raised a jurisdictional issue challenging " ' "the very power of the State to bring [him] into court to answer the charge brought against him." ' " United States v. Green, 797 F.2d 855, 856 (10th Cir.1986)(quoting United States v. Barboa, 777 F.2d 1420, 1423 n.3 (10th Cir.1985)(quoting Blackledge v. Perry, 417 U.S. 21, 30 (1974))). Petitioner may collaterally challenge the indictment on this ground notwithstanding his guilty plea. See Green, 797 F.2d at 856.
 
 
 11
 An indictment must put a defendant on fair notice of the charge against which he must defend and must enable him to plead double jeopardy in subsequent prosecutions. United States v. Wood, 958 F.2d 963, 974 (10th Cir.), amended on denial of reh'g, Nos.90-2184, 91-2007, 91-2008, 1992 WL 58305 (10th Cir. Mar. 19, 1992). Petitioner admits he did cause the weapon to be given to his brother, but argues he did not give the weapon directly to his brother as required by statute. Petitioner asserts this distinction is fatal to the indictment.
 
 
 12
 This variation is not fatal. A strict, narrow, limiting construction of criminal statutes in similar situations has been disfavored. See State v. Tharp, 375 S.W.2d 66, 67-68, 70 (Mo.1963)(defendant argued she did not give hacksaw blades to the prisoner because he picked her purse up off courtroom bench and retrieved blades inside; court held defendant "conveyed or caused them to be conveyed into the jail. Any other holding would be a perversion of the very purpose and object of the statute.... The real purpose and intent of our statute is to penalize efforts to aid a prisoner in an escape ... by conveying to him any instrumentalities useful to him in making an escape."); People v. Bevins, 351 P.2d 776, 778, 781 (Cal.1960)(defendant who gave gun and bullets to jail trusty to give to her inmate husband argued statute only punished the one who brought a firearm into jail; the court held that "[s]uch a limited construction of the statute is untenable. It is patent that that section of the Penal Code is violated when one sends or causes to be sent a proscribed article into a jail."); State v. Ledkins, 303 P.2d 1099, 1103 (Utah 1956)(defendant prison guard accused of attempting to supply drugs to an inmate; court held that while "great care to accurately charge an offender is desirable; it does not follow that the failure to use the exact words of the statute is fatal.... [T]he terms 'attempt to supply' or 'attempt to give or sell' mean substantially the same ...."); see generally Michael J. Yaworsky, Annotation, Nature and Elements of Offense of Conveying Contraband to State Prisoner, 64 A.L.R. 4th 902, 21 (1988)(where person carried out part of process of transporting contraband into prison, but left final steps to be completed by another, person had conveyed contraband within meaning of statute)(citing Bevins, 351 P.2d 776).
 
 
 13
 New Mexico recently affirmed this position in State v. Gibson, 828 P.2d 980, 985 (N.M. Ct.App.), cert. denied, 828 P.2d 957 (N.M.1992). In Gibson, the court held the evidence sufficient to find the defendant had furnished a gun to the inmates because the defendant had planned the escape, agreed to provide and had obtained a gun which another delivered to the escapees, and provided bullets for the gun after the escape.
 
 
 14
 We further note that even if petitioner were considered an accessory, an accessory may be tried and convicted of the crime even if he did not directly commit the crime and even if the actual perpetrator is never apprehended. See N.M. Stat. Ann. 30-1-13; State v. Ochoa, 72 P.2d 609, 615 (N.M.1937).
 
 
 15
 Based on our resolution of this issue, petitioner's remaining arguments are clearly without merit. Further, petitioner did not raise his double jeopardy argument to the district court, nor has he exhausted this issue in state court.
 
 
 16
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 N.M. Stat. Ann. 30-22-12 provides that furnishing articles for a prisoner's escape consists of:
 A. intentionally giving to any person in lawful custody or confinement any deadly weapon or explosive substance, without the express consent of the officer in charge of such place of confinement; or
 B. intentionally giving to any person in lawful custody or confinement any disguise, instrument, tool or other thing useful to aid any prisoner to effect an escape, with intent to assist a prisoner to escape from custody.
 Whoever commits furnishing articles for prisoner's escape is guilty of a second degree felony.
 
 
 [3]
 The indictment read in part that petitioner: "did intentionally and without the express consent of the officer in charge of the Penitentiary of New Mexico cause to be given to ... a prisoner in the lawful custody of the New Mexico Department of Corrections, ... a deadly weapon, contrary to Section 30-22-12, NMSA 1978...." Petitioner's App. at 1