21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ralph B. BOWMAN, Jr., Plaintiff-Appellant,
v.
R. Michael CODY and Larry Fields, Defendants-Appellees.
 No. 93-6378.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 Appellant Ralph Bowman appeals from an order of the United States District Court for the Western District of Oklahoma dismissing his civil rights claim and denying habeas corpus relief.
 
 
 2
 Appellant is a state prisoner who filed a civil rights claim under 42 U.S.C.1983 alleging that his conviction for escape is invalid. He argues that he should have been released three and a half months prior to his escape because of emergency time credits he was entitled to receive. As a consequence, he asserts that he was being unlawfully detained and cannot be guilty of escape since he should have been released before he had a chance to effectuate an escape.
 
 
 3
 The district court construed his claim for monetary damages and immediate release from jail as both a petition for writ of habeas corpus under 28 U.S.C. 2254 and a 1983 claim. Although Appellant had not exhausted his state remedies, the court determined that doing so would be futile and instructed the magistrate to consider the habeas petition. Upon consideration, the magistrate correctly pointed out the errors of Appellant's arguments, which the district court incorporated into its own order.
 
 
 4
 On appeal, Appellant continues to claim that he cannot be guilty of escape because he walked away from an unlawful incarceration. He argues that his "escape conviction was illegal solely because, due to the Arnold vs. Cody ruling, 951 F.2d 280 (10th Cir.), [his] Emergency Time Credits should have been lawfully restored and [he] should have thereby been discharged on, or about, February 15, 1991 from the original D.U.I. conviction." Ct. Order at 4. However, Appellant does not explain how Arnold entitled him to be released prior to his escape nor does he argue that he should have time credited to his current sentence for the escape conviction. Instead, he appears to use the emergency credit issue as a way to strike down the legality of the escape conviction. Even in giving Appellant the most liberal construction since he is proceeding pro se, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.), we cannot find that Appellant challenged the calculation of the emergency time credits itself. He merely challenges the validity of his current incarceration for the escape conviction which is dispositive of both his civil rights claim and his request for a writ of habeas corpus.
 
 
 5
 Although Appellant repeatedly states that the magistrate and the district court judge misunderstood and misapplied the law to his circumstances, he fails to express exactly how he was so misunderstood. As directed by Appellant, both the magistrate and the district court focused on whether the escape conviction was valid. The escape conviction is valid because "one is guilty of escape even though held in custody by an illegal conviction and sentence if the escape is accomplished before the conviction and sentence is judicially declared to be illegal." United States v. Carlisle, 303 F.Supp. 627, 628 (W.D. Okla.). Appellant's argument that Carlisle does not apply is without merit since being confined beyond a lawful release date is equivalent in theory to being illegally confined initially. Whether Appellant was entitled to emergency time credit or not, he is guilty of escape because no court had ruled that his detention was unlawful prior to his escape.
 
 
 6
 The order of the United States District Court for the Northern District of Oklahoma dismissing Appellant's civil rights claim and denying the writ of habeas corpus is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470