UNITED STATES of America, Plaintiff,

v.

Frieda W. FULLER, Defendant.

Criminal Action No. 91–20048–01–GTV.

United States District Court,
D. Kansas.

Aug. 28, 1996.

Charles D. Dedmon, Office of Federal Public Defender, Topeka, KS, for Frieda W. Fuller.

Leon J. Patton, Office of United States Attorney, Kansas City, KS, for U.S.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

The defendant, Frieda W. Fuller, has appealed to this court the denial of her petition for a writ of error coram vobis by the United States Magistrate Judge at Leavenworth, Kansas.

The defendant Fuller was originally tried before the Magistrate Judge on a complaint alleging one count of larceny (theft of government property) in violation of 18 U.S.C. § 641. The complaint alleged that the defendant Frieda Fuller "[o]n or about January 29, 1991, in Leavenworth County in the District of Kansas, defendant(s) did, steal one package of mascara, brand name 'Cover Girl', valued at $2.50 in violation of Title 18, United States Code, Section 641." She was found

guilty after a trial to the court, and sentenced to pay a fine of $300.00, a special assessment of $25.00, and a term of one year supervised probation. She appealed her conviction to this court. It was affirmed. Mrs. Fuller then appealed to the United States Court of Appeals for the Tenth Circuit. The court of appeals also affirmed her conviction. *United States v. Fuller*, No. 91–3308, 1992 WL 66716 (10th Cir.1992).

Following those affirmances, new counsel undertook the representation of Mrs. Fuller. It should be noted that the Federal Public Defender for the District of Kansas has represented Mrs. Fuller throughout these proceedings, and continues to represent her in the petition now before the court. The member of the public defender's staff who represented Mrs. Fuller at trial and in her appeals, however, has since left the staff, and the present proceeding in coram vobis has been undertaken by his successor.

The defendant raises four issues in her petition for writ of error coram vobis that is presently under review by this court. They are as follows:

1. The complaint against the defendant was jurisdictionally defective because it failed to allege that the property that was the subject of the prosecution was the property of the United States or of any department or agency thereof as required by 18 U.S.C. § 641.

2. The defendant was impermissibly denied the right to represent herself in that the Magistrate Judge appointed counsel to represent her after she had said that she did not wish to have counsel represent her in the case.

3. The defendant was denied her right to a jury trial. The defendant contends that because the charge was a misdemeanor offense, as opposed to a petty offense, an affirmative waiver of her right to trial by jury was required to have been made by her, and that there was no affirmative waiver.

4. The defendant was not given the thirty-day trial preparation period provided for by 18 U.S.C. § 3161(c)(2).

The court has reviewed the record in this case, and finds that counsel who represented Mrs. Fuller at trial did not object to any of the foregoing deficiencies, nor were any of the issues preserved or raised in the appeals. In the appeals, this court and the Tenth Circuit held that there had been waivers of the claimed errors because of the failure of counsel to make timely objections.

■ Mrs. Fuller has now raised the issue in her petition for a writ of error coram vobis that she did not have the benefit of effective assistance of counsel at her trial and in the appeals of her conviction. The court agrees. I conclude that Mrs. Fuller has met the requirements of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That case requires that in order for a convicted defendant to sustain a claim that counsel's assistance was so defective as to require reversal of a conviction, the accused must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. The court concludes that both prongs of the *Strickland* test have been met. As explained further in this order, I conclude that the assistance of counsel at trial and in the appeals of Mrs. Fuller's conviction was deficient, and that the deficient performance was prejudicial.

■ A discussion of the procedures invoked by the petitioner in the matter now before the court is appropriate. As previously noted, Mrs. Fuller's case is now before the court on her petition for a writ of error coram vobis. Ordinarily the court would expect a convicted defendant to attack the validity of her conviction and sentence by proceeding under 28 U.S.C. § 2255. A writ of error coram vobis may be used when relief is not available procedurally under 28 U.S.C. § 2255. Section 2255 is available as a remedy only to attack a sentence under which a defendant is in custody. It cannot be employed to attack a sentence that is not being served. *Kagen v. United States*, 360 F.2d 30 (10th Cir.1966). If any relief is to be had, it must be by way of coram nobis (or in this case, coram vobis). *Id.* at 31.

■ Coram nobis or coram vobis invokes the jurisdiction of the district courts in appropriate circumstances under the all-writs statute, 28 U.S.C. § 1651, despite the provi-

sions of Fed.R.Civ.P. 60(b). *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). The Supreme Court concluded that Fed.R.Civ.P. 60(b), expressly abolishing the writ of error coram nobis in civil cases, does not preclude its use in criminal cases. *Id.* at 506, 74 S.Ct. at 250. *See also Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir.1994).

■ A writ of error coram vobis is analogous to a writ of error coram nobis except that it is a writ of error directed by a court of review to the court that tried the case, while coram nobis is an examination by the trial court of its own proceedings. *See Pyles v. Boles*, 250 F.Supp. 285 (D.W.Va.1966).

The court will now turn to the substantive issues raised by the defendant Fuller in her petition. They will be discussed in the order raised as set out above.

### 1. The Jurisdictional Defect in the Complaint:

■ The court concludes that the failure to allege that the property that was the subject of the alleged larceny in this case was the property of the United States constituted a jurisdictional defect in the complaint. An allegation that the property alleged to have been stolen belonged to the United States is a necessary element of the offense sought to be charged, and is the element that confers jurisdiction on the federal courts. That jurisdictional defect is not cured by citation of the relevant statute. *United States v. Hooker*, 841 F.2d 1225 (4th Cir.1988). *See also United States v. Green*, 797 F.2d 855, 857 (10th Cir.1986); *United States v. Denmon*, 483 F.2d 1093 (8th Cir.1973). Failure of the defendant's trial counsel to raise and pursue the flaw in the complaint provided defendant with substantially less than effective assistance of counsel, and was unquestionably prejudicial to her.

### 2. The Defendant's Right to Represent Herself:

■ Mrs. Fuller had the right to represent herself. "The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 818, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975). The record satisfies this court that Mrs. Fuller did not agree to the appointment of the public defender to represent her at trial. Her objection to the appointment is implicit from the recorded exchange that took place between her and the magistrate judge at her initial appearance.

The court views the failure of trial counsel to raise and preserve this error as deficient. The court also concludes that it was prejudicial. This conclusion is reached by the court based upon the totality of the deficiencies at trial and in connection with the appeals.

### 3. The Right to a Jury Trial:

■ The record satisfies this court that Mrs. Fuller did not waive her right to a jury trial. The offense charged against her was larceny for which a sentence of more than six months imprisonment could be imposed. 18 U.S.C. § 641. The statute provides for imprisonment of up to one year if the value of the property of the United States alleged to have been stolen does not exceed $100.00. Because a sentence of more than six months was implicated, the offense charged was not a petty offense and defendant was entitled to trial by jury. *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968). Again, failure to raise and pursue this claim of error was both deficient and prejudicial.

### 4. Time for Trial Preparation:

■ Pursuant to 18 U.S.C. § 3161(c)(2), the defendant was entitled to thirty days in which to prepare for trial unless that provision was expressly waived. The record does not indicate that it was waived, and the court is of the opinion that the failure of counsel to insist upon sufficient time to prepare for trial rendered his assistance ineffective. The court is also of the opinion that the failure was prejudicial.

### Conclusion:

The court concludes that the deficiencies discussed above rendered counsel's performance deficient and that those deficiencies

were prejudicial to the rights of the defendant, Frieda Fuller.

IT IS, THEREFORE, BY THE COURT ORDERED that the petition for a writ of error coram vobis is granted and that the conviction of the defendant, Frieda W. Fuller, is vacated and set aside.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**