**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BARRETT WYNN,

    Defendant-Appellant.

No. 96-1186
(D.C. No. 95-CR-377)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

Barrett Wynn entered into a plea agreement under which he pled guilty to an information charging one count of escape in violation of 18 U.S.C. § 751(a)

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and was sentenced to time served. He then filed a pro se motion for arrest of judgment under Fed. R. Crim. P. 34, asserting that the information to which he pled did not charge an offense. The district court denied the motion and Mr. Wynn appeals, arguing that his escape conviction must be reversed because it is without a factual basis. We affirm.

The factual background is briefly as follows. In 1989, Mr. Wynn was convicted in Nevada of a federal misdemeanor and sentenced to three years probation. His case was thereafter transferred to Colorado, where he was later charged with violating his probation. A magistrate judge in Colorado revoked his probation and ordered him remanded to the custody of the Attorney General for one year. Mr. Wynn was transported to a federal prison camp in December 1992, from which he escaped in February 1993.

Mr. Wynn was arrested in 1995 and indicted on one count of escape. Shortly thereafter he filed a motion under 28 U.S.C. § 2255 to have his one-year sentence for probation violation set aside on the ground that the Colorado magistrate judge lacked subject matter jurisdiction to revoke his probation. His motion was granted and his probation revocation was vacated. The government then filed an information under section 751(a) charging misdemeanor escape and Mr. Wynn pled guilty pursuant to a plea bargain.

Mr. Wynn argues on appeal that his misdemeanor escape conviction must

-2-

be vacated because the information alleged an offense for which there was no factual basis.[1]  At the relevant time, section 751(a) provided that:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both.

18 U.S.C. § 751(a) (1988).

The information charged that Mr. Wynn violated section 751(a) by "escap[ing] from custody by virtue of process issued under the laws of the United States by a court for a misdemeanor, and prior to conviction in the District of Nevada."  Rec., vol. I, doc. 9.  Although Mr. Wynn's argument is somewhat unclear, he appears to contend that the information lacks a factual basis because subsequent to his escape the magistrate's action remanding him into custody was determined to be without jurisdiction.  In essence Mr. Wynn argues that if his

---

[1] Mr. Wynn devotes considerable argument to challenging the original indictment in this case, which was dismissed by the government pursuant to the plea agreement and is not at issue in this appeal.  Our focus is only on the information to which Mr. Wynn pled guilty.

custody is later determined to be unlawful, he cannot be charged with escape. The law, however, is to the contrary.

Mr. Wynn was charged under that portion of section 751(a) making it illegal to escape "from any custody under or by virtue of any process issued under the laws of the United States." The statute by its terms does not require that the custody be lawful. Accordingly, we have held that unless a defendant is charged under that portion of the statute requiring escape from custody pursuant to <u>lawful arrest</u>, "a lawful arrest is not a prerequisite to the crime of escape mandated by section 751(a), since the section is to be read in the disjunctive, not conjunctive, and neither the regularity of his arrest nor the propriety of his confinement can be tested by an act of escape." <u>United States v. Allen</u>, 432 F.2d 939, 940 (10th Cir. 1970) (per curiam); <u>see also</u> <u>United States v. Carlisle</u>, 303 F. Supp. 627, 628 (W.D. Okla. 1969) ("one is guilty of escape even though held in custody by an illegal conviction and sentence if the escape is accomplished before the conviction and sentence is judicially declared to be illegal"), <u>aff'd per curiam</u>, 418 F.2d 921 (10th Cir. 1970); <u>accord</u> <u>United States v. Roy</u>, 830 F.2d 628, 638 (7th Cir. 1987) ("acquittal on the charges for which the defendant was held in custody at the time of the escape is not a defense to the escape charge under 18 U.S.C. § 751(a)"); <u>United States v. Smith</u>, 534 F.2d 74, 75 (5th Cir. 1976) (per curiam) ("it is clear that validity of [the] conviction under which an escapee is

confined is not an element of the offense of unlawfully escaping from confinement in a federal institution"). Mr. Wynn's reliance on United States v. Green, 797 F.2d 855 (10th Cir. 1986), and United States v. McKim, 509 F.2d 769 (5th Cir. 1975), in arguing that the custody must be lawful at the time of escape, is misplaced. In both of those cases the defendant was charged with escape from custody pursuant to lawful arrest.

Mr. Wynn also appears to challenge the accuracy of the factual assertions in the information, contending that he was not in fact in custody for a misdemeanor arrest or charge prior to conviction. However, Mr. Wynn pled guilty to the information pursuant to a plea agreement and does not contend on appeal that his plea was not knowing and voluntary. A defendant who pleads guilty necessarily admits both the acts contained in the charging document and their legal consequences. See United States v. Broce, 488 U.S. 563, 569-70 (1989). Mr. Wynn's ability to contradict the factual assertions in the information is foreclosed by his guilty plea. Id. at 576.

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge